| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
| RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP<br>Joseph L. Schwartz (JS-5525)<br>Kevin J. Larner (KL-8627)<br>Headquarters Plaza<br>One Speedwell Avenue<br>Morristown, NJ 07962-1981<br>(973) 538-0800<br><br>Counsel for Plaintiff, Chapter 7 Trustee | Order Filed on 1/28/2008 by Clerk U.S. Bankruptcy Court District of New Jersey |
| In re:<br>ARMANDO DUARTE AND KAREN DUARTE,<br>Debtors. | Chapter 7<br><br>Hon. Michael B. Kaplan, U.S.B.J.<br><br>Case No. 06-15788 (MBK) |
| DAVID WOLFF, CHAPTER 7 TRUSTEE OF THE ESTATE OF ARMANDO DUARTE AND KAREN DUARTE,<br>Plaintiff,<br>v.<br>ALEC NICHOLAS, INC., <u>et al.</u>,<br>Defendants. | Adv. Pro. No. 07-1824 (MBK) |

**ORDER (I) STRIKING ANSWER OF DEFENDANTS MARIA DUARTE AND HORACIO DUARTE** ~~AND ENTERING JUDGMENT BY DEFAULT AGAINST THEM PURSUANT TO FED. R. BANKR. P. 7037 AND 7055 FOR FAILURE TO RESPOND TO DISCOVERY, (II) GRANTING SUMMARY JUDGMENT AGAINST DEFENDANTS MARIA DUARTE AND HORACIO DUARTE AS TO COUNT SEVEN OF THE COMPLAINT AND (III) AWARDING TRUSTEE REASONABLY ATTORNEY'S FEES AND COSTS~~

The relief set forth on the following pages numbered two (2) through six (6) is hereby **ORDERED.**

**DATED: 1/28/2008**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Debtors:          Armando Duarte & Karen Duarte
Bankr. Case No.:  06-15788 (MBK)
Case Name:        Wolff v. Alec Nicholas, Inc., et al.
Adv. Pro. No.:    07-1824 (MBK)
Caption of Order: Order (I) Striking Answer of Defendants Maria Duarte and Horacio Duarte ~~and Entry Judgment By Default Against Them Pursuant to Fed. R. Bankr. P. 7037 and 7055 For Failure to Respond to Discovery, (II) Granting Summary Judgment Against Defendants Maria Duarte and Horacio Duarte as to Count Seven of the Complaint and (III) Awarding Trustee Reasonably Attorney's Fees and Costs~~

---

**THIS MATTER** having been opened to the Court upon the Motion of David Wolff, Chapter 7 Trustee (the "Trustee") for Armando Duarte and Karen Duarte (the "Debtors"), for the entry of an order (i) striking the answer of defendants Maria Duarte and Horacio Duarte (collectively, the "Duarte Parents") and entering judgment by default against them pursuant to Fed. R. Bankr. P. 7037 and 7055 for failure to respond to discovery and/or (ii) granting summary judgment against the Duarte Parents as to count seven of the Complaint (as defined herein) and (iii) awarding the Trustee reasonable attorneys' fees and costs (the "Motion"); and the Court having reviewed the Motion, any objections filed thereto and any and all oral arguments; and it appearing as follows:

      i.      On June 28, 2007, the Trustee filed a complaint against, *inter alia*, the Duarte Parents commencing this adversary proceeding (the "Complaint");

      ii.     On June 29, 2007, counsel to the Trustee served upon the Duarte Parents the Complaint and a summons issued by the Clerk of this Court (the "Summons");

      iii.    Neither Maria Duarte or Horacio Duarte are infants, are incompetent or are in the military service;

      iv.    On July 30, 2007, the Duarte Parents filed an answer (the "Answer") to the Complaint;

2

Debtors: Armando Duarte & Karen Duarte
Bankr. Case No.: 06-15788 (MBK)
Case Name: Wolff v. Alec Nicholas, Inc., et al.
Adv. Pro. No.: 07-1824 (MBK)
Caption of Order: Order (I) Striking Answer of Defendants Maria Duarte and Horacio Duarte ~~and Entry Judgment By Default Against Them Pursuant to Fed. R. Bankr. P. 7037 and 7055 For Failure to Respond to Discovery, (II) Granting Summary Judgment Against Defendants Maria Duarte and Horacio Duarte as to Count Seven of the Complaint and (III) Awarding Trustee Reasonably Attorney's Fees and Costs~~

    v.  On or about September 11, 2007, the Trustee served upon Maria Duarte (i) a Notice of Deposition of Maria Duarte Pursuant to Fed. R. Bankr. P. 7030, scheduling Mrs. Duarte's deposition at the office of the Trustee's counsel for October 25, 2007 at 10:00 a.m., and (ii) the Trustee's First Set of Document Requests Directed to Maria Duarte (collectively, the "Maria Duarte Discovery Requests");

    vi.  Pursuant to Fed. R. Bankr. P. 7034, Mrs. Duarte was to produce the documents requested by the Trustee to the Trustee's counsel on or before October 11, 2007;

    vii.  On or about September 11, 2007, the Trustee also served upon Horacio Duarte (i) a Notice of Deposition of Horacio Duarte Pursuant to Fed. R. Bankr. P. 7030, scheduling Mr. Duarte's deposition at the office of the Trustee's counsel for October 25, 2007 at 2:00 p.m., and (ii) the Trustee's First Set of Document Requests Directed to Horacio Duarte (collectively, the "Horacio Duarte Discovery Requests", and collectively with the Maria Duarte Discovery Requests, the "Discovery Requests");

    viii.  Pursuant to Fed. R. Bankr. P. 7034, Mr. Duarte was to produce the requested documents to the Trustee's counsel on or before October 11, 2007;

    ix.  Neither Mr. Duarte nor Mrs. Duarte have produced any documents to the Trustee or his counsel or have served any written responses to the Discovery Requests;

*Approved by Judge Michael Kaplan January 28, 2008*

Debtors:           Armando Duarte & Karen Duarte
Bankr. Case No.:   06-15788 (MBK)
Case Name:         Wolff v. Alec Nicholas, Inc., et al.
Adv. Pro. No.:     07-1824 (MBK)
Caption of Order:  Order (I) Striking Answer of Defendants Maria Duarte and Horacio Duarte ~~and Entry Judgment By Default Against Them Pursuant to Fed. R. Bankr. P. 7037 and 7055 For Failure to Respond to Discovery, (II) Granting Summary Judgment Against Defendants Maria Duarte and Horacio Duarte as to Count Seven of the Complaint and (III) Awarding Trustee Reasonably Attorney's Fees and Costs~~

---

    x.    Mr. Duarte and Mrs. Duarte failed to appear for their depositions at the times indicated in the Discovery Requests;

    xi.    Neither Mr. Duarte nor Mrs. Duarte have contacted the Trustee's counsel requesting additional time to respond to the Discovery Requests or to reschedule their depositions;

    xii.    On October 18, 2007, counsel to the Trustee wrote a letter to Mrs. Duarte advising her that she had not provided a response to the Maria Duarte Discovery Requests in the time proscribed by the Federal Rules of Bankruptcy Procedure and requesting that she immediately provide the requested materials;

    xiii.    On October 18, 2007, counsel to the Trustee also wrote a letter to Mr. Duarte advising him that he had not provided a response to the Horacio Duarte Discovery Requests in the time proscribed by the Federal Rules of Bankruptcy Procedure and requesting that he immediately provide the requested materials;

    xiv.    To date, counsel to the Trustee has not received any response to the Discovery Requests and has not been contacted by either of the Duarte Parents in response to its correspondence;

    xv.    ~~On or about June 14, 2000, debtor Armando Duarte granted Maria Duarte a mortgage (the "Maria Hillsdale Mortgage") against the Debtors' real property located at 16 Beverly Road in Hillsdale, New Jersey (the "Hillsdale Property");~~

4

*Approved by Judge Michael Kaplan January 28, 2008*

Debtors: Armando Duarte & Karen Duarte
Bankr. Case No.: 06-15788 (MBK)
Case Name: Wolff v. Alec Nicholas, Inc., et al.
Adv. Pro. No.: 07-1824 (MBK)
Caption of Order: Order (I) Striking Answer of Defendants Maria Duarte and Horacio Duarte ~~and Entry Judgment By Default Against Them Pursuant to Fed. R. Bankr. P. 7037 and 7055 For Failure to Respond to Discovery, (II) Granting Summary Judgment Against Defendants Maria Duarte and Horacio Duarte as to Count Seven of the Complaint and (III) Awarding Trustee Reasonably Attorney's Fees and Costs~~

---

xvi. ~~Maria Duarte did not provide the Debtors with reasonably equivalent consideration in exchange for the granting of the Maria Hillsdale Mortgage;~~

xvii. ~~On or about June 14, 2000, debtor Armando Duarte granted the Duarte Parents another mortgage against the Hillsdale Property (the "Duarte Parents Hillsdale Mortgage," and collectively with the Maria Hillsdale Mortgage, the "Hillsdale Mortgages");~~

xviii. ~~The Duarte Parents did not provide the Debtors with reasonably equivalent consideration in exchange for the granting of the Duarte Parents Hillsdale Mortgage;~~

xix. ~~On or about February 24, 2005, the Debtors also granted the Duarte Parents a mortgage (the "Duarte Parents Barnegat Mortgage," and collectively with the Hillsdale Mortgages, the "Mortgages") against the Debtors' real property located at 314 Bayshore Drive in Barnegat, New Jersey (the "Barnegat Property");~~

xx. ~~The Duarte Parents did not provide the Debtors with reasonably equivalent consideration in exchange for the granting of the Duarte Parents Barnegat Mortgage;~~

xxi. The Trustee provided good and sufficient notice of the Motion to the Duarte Parents;

And for good cause shown,

**IT IS HEREBY ORDERED AS FOLLOWS:**

5

*Approved by Judge Michael Kaplan January 28, 2008*

Debtors: Armando Duarte & Karen Duarte
Bankr. Case No.: 06-15788 (MBK)
Case Name: Wolff v. Alec Nicholas, Inc., et al.
Adv. Pro. No.: 07-1824 (MBK)
Caption of Order: Order (I) Striking Answer of Defendants Maria Duarte and Horacio Duarte ~~and Entry Judgment By Default Against Them Pursuant to Fed. R. Bankr. P. 7037 and 7055 For Failure to Respond to Discovery, (II) Granting Summary Judgment Against Defendants Maria Duarte and Horacio Duarte as to Count Seven of the Complaint and (III) Awarding Trustee Reasonably Attorney's Fees and Costs~~

---

1. The Motion be, and hereby is, ~~GRANTED.~~ granted in part. The Answer of Defendants Maria Duarte and Horacio Duarte is stricken,

2. ~~Judgment by default pursuant to Fed. R. Bankr. P. 7037 and 7055(b) be, and hereby is, ENTERED against the Duarte Parents, as set forth herein.~~ and Plaintiff is directed to file default pleadings, consistent with D.N.J. LBR 7055-1 and Fed. R. Bank. P. 7055.

3. ~~The Mortgages be, and hereby are, AVOIDED pursuant to 11 U.S.C. §§ 544 and 548 and N.J.S.A. 25:2 et seq.~~

4. ~~The Mortgages be, and hereby are, RECOVERED for the benefit of the estate pursuant to 11 U.S.C. § 550.~~

5. ~~Any and all liens and claims asserted by the Duarte Parents against the Debtors' estate be, and hereby are, equitably subordinated, pursuant to 11 U.S.C. § 510(c) to the claims of all other creditors in this bankruptcy case.~~

6. ~~Summary judgment pursuant to Fed. R. Bankr. P. 7056 be, and hereby is, granted in favor of the Trustee and against the Duarte Parents as to count seven of the Complaint (equitable subordination), and any and all liens and claims asserted by the Duarte Parents against the Debtors' estate are subject to equitable subordination, pursuant to 11 U.S.C. § 510(c).~~

7. ~~The Trustee be, and hereby is, awarded reasonable attorneys' fees and costs, pursuant to Fed. R. Bankr. P. 7037(d), and the Duarte Parents are directed to pay these fees and costs. The Trustee shall submit to the Court the amount of the its requested attorney's fees and costs within ten (10) days of the entry of this Order and the Duarte Parents shall pay the amount awarded within ten (10) days of the Court's~~

6

*Approved by Judge Michael Kaplan January 28, 2008*

Debtors: Armando Duarte & Karen Duarte
Bankr. Case No.: 06-15788 (MBK)
Case Name: Wolff v. Alec Nicholas, Inc., et al.
Adv. Pro. No.: 07-1824 (MBK)
Caption of Order:  Order (I) Striking Answer of Defendants Maria Duarte and Horacio Duarte ~~and Entry Judgment By Default Against Them Pursuant to Fed. R. Bankr. P. 7037 and 7055 For Failure to Respond to Discovery, (II) Granting Summary Judgment Against Defendants Maria Duarte and Horacio Duarte as to Count Seven of the Complaint and (III) Awarding Trustee Reasonably Attorney's Fees and Costs~~

---

~~entry of a further Order fixing the fee award.~~

8. The Trustee shall serve a copy of this Order upon the Duarte Parents within seven (7) days of receipt of its entry.

*Approved by Judge Michael Kaplan January 28, 2008*